UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

──────────────────────────────x

CHRISTOPHER M. MONGIELLO
    Plaintiff,

- Against -

HSBC BANK USA NA AS TRUSTEE FOR THE LMT 2006-6 TRUST FUND,
aka HSBC
BANK USA NA AS TRUSTEE FOR THE LEHMAN MORTGAGE TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-6, PHH MORTGAGE,
PHH CORPORATION,
    Defendant.

──────────────────────────────

CASE NO.  7:24-cv-02291-KMK

**NOTICE OF**
**MOTION FOR SUMMARY**
**JUDGMENT**
**OR IN THE ALTERNATIVE**
**SUMMARY ADJUDICATION**

**MEMO ENDORSED**

Plaintiff's Motion is premature as Defendants have not yet answered, moved to dismiss, or otherwise responded to the Complaint.  (*See* Dkt.)  Motions for summary judgment are generally filed after parties to a lawsuit conduct discovery, and discovery cannot begin until the Court hears from Defendants.  Further, the Court notes that the case may not even reach discovery if Defendants move to dismiss and the Court grants their Motion.  Accordingly, Plaintiff's request for leave to move for summary judgment is denied.  The Clerk of Court is respectfully directed to mail a copy of this document to Plaintiff.

Dated: May 30, 2024

SO ORDERED
KENNETH M. KARAS U.S.D.J.

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Plaintiff Christopher Mongiello has filed papers with the court for Summary Judgment, or, in the alternative, Summary Adjudication in the above-entitled cause. Said motion is based on the pleadings on file herein, the affirmation of Christopher Mongiello, the Exhibits and such other and further information provided during oral argument if any.

Said motion is based on the simple fact that:

1. Plaintiff is entitled to a judgment on his complaint pursuant to RPAPL 1501(4) et seq. of the plaintiff, CHRISTOPHER M. MONGIELLO; On February 27th, 2013, the Defendant filed a foreclosure action against

the Plaintiff, Index No. 52653-13, in the Office of the Westchester County Clerk's Office, and in so doing, accelerated that mortgage and the case is dismissed.

2. The Statute of Limitations in this matter began to run as of February 27th, 2013 with the commencement of the foreclosure action against the Mortgagor and acceleration of the underlying debt.

3. The mortgagor's action pursuant to RPAPL 1501(1) is commenced on the filing of this action, which is more than six years after the mortgagors debt was accelerated and the entire amount became due and owing on February 27th, 2013.

4. Thus, the statute of limitations expired well before this Plaintiff has commenced its RPAPL 1501(4) action.

5. The Plaintiff has met its prima facie entitlement for the Court to grant judgment on the Plaintiff's claim pursuant to 1501(4) and further award the Plaintiff damages based on fraudulent imposition of charges by the Defendant on the account.

6. The Defendant's servicer, acting on behalf of the Defendant at all times, unlawfully placed charges on the Plaintiff's account for services which were never rendered, overcharged for services which were rendered, and imposed fees and costs which were neither due nor owing, including inspection fees for inspections which never occurred in violation of Real Estate Settlement Procedures Act of 1974 (RESPA) (12 U.S.C. 2601 et seq.); failing to credit recovery of third party insurance

proceeds pursuant to Escrow Accounts – 12 CFR 1024.17, 12 CFR 1024.17(f); failure to provide Annual Escrow Account Statement – 12 CFR 1024.17(i); failure to timely make Servicing Disclosure Statements – 12 CFR 1024.33(a); failure to timely correct errors, Error Resolution Procedures – 12 CFR 1024.35; 12 CFR 1024.35(b), including but not limited to, failure to apply an accepted payment to principal, interest, escrow, or other charges as required by the mortgage loan and applicable law, and failure to refund an escrow account balance within 20 days (excluding legal public holidays, Saturdays, and Sundays) after the mortgage loan is paid in full, as required by 12 CFR 1024.34(b).

7. That no payment has been made by the Plaintiff on the original mortgage in more than five years, and the mortgage (principal and interest) was fully satisfied by third party insurance after the Defendant fraudulently billed the Plaintiff putting him into default; and thus Plaintiff is entitled to a judgment in his favor.

8. The servicer acting for the Defendant imposed these improper charges for the purpose of causing the Plaintiff to default and as a result, the wrongful conduct is malicious and intended to cause and did cause the Plaintiff to suffer financial harm and emotional distress.

9. That the Plaintiff did suffer financial harm, emotional distress, and was placed into contempt of a marital settlement agreement because the Defendant, by and through its servicer acting on its behalf, subject to its control, and with the consent and ratification by the Defendant,

imposed these fraudulent charges and reported false amounts to the credit reporting agencies knowing the money is neither due nor owing.

10. That as a result, the Plaintiff is entitled to exemplary and compensatory damages in the amount according to proof, but in the event of default, four million dollars in compensatory damages and twelve million dollars in punitive damages.

The hearing scheduled to be held on _____(date), 2024, at ____ a.m./p.m. in Courtroom____, Southern District of New York, 300 Quarropas Street, Room 147, White Plains, NY 10601.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Respectfully Submitted:

Date: May 29, 2024

Signature:

_____
CHRISTOPHER M. MONGIELLO
889 JAMES STREET
PELHAM MANOR, NY 10803
TEL: 914 646-8224
EMAIL: therockacademy@mac.com
