UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER M. MONGIELLO,

                              *Plaintiff*,

        v.

HSBC BANK USA NA AS TRUSTEE FOR                    No. 24-CV-2291 (KMK)
THE LMT 2006-6 TRUST FUND, A.K.A
HSBC BANK USA NA AS TRSUTEE FOR                    ORDER & OPINION
THE LEHMAN MORTGAGE TRUST
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-6, PHH
CORPORATION, *and* PHH MORTGAGE,

                              *Defendants*.

---

Appearances:

Christopher M. Mongiello
Pelham Manor, NY
*Pro se Plaintiff*

Leisl Bauman Kerechek, Esq.
Stradley Ronon Stevens & Young, LLP
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

        Christopher M. Mongiello ("Plaintiff"), proceeding pro se, brings this Action against

HSBC Bank USA NA ("HSBC"), PHH Corporation, and PHH Mortgage ("PHH") (collectively,

"Defendants"), seeking to quiet title for real property at issue and damages for slander of title

and breach of contract, and alleging violations of the Real Estate Settlement Procedures Act

("RESPA"), 12 U.S.C. §§ 2601 et seq., through its implementing regulations, known as

Regulation X, 12 C.F.R. §§ 1024.1 et seq., and of the New York Real Property Actions and

Proceedings Law.  (*See generally* Compl. (Dkt. No. 1).)[1]  Before the Court is Defendants'

Motion to Dismiss.  (*See* Not. of Mot. (Dkt. No. 34).)  For the reasons that follow, the Motion is

granted.

## I.  Background

### A.  Materials Considered

"'When considering a motion to dismiss, the Court's review is confined to the pleadings

themselves,' because 'to go beyond the allegations in the Complaint would convert the Rule

12(b)(6) motion into one for summary judgment pursuant to Rule 56.'"  *Watson v. New York*,

No. 22-CV-9613, 2023 WL 6200979, at *1 (S.D.N.Y. Sept. 22, 2023) (alterations adopted)

(quoting *Thomas v. Westchester Cnty. Health Care Corp.*, 232 F. Supp. 2d 273, 275 (S.D.N.Y.

2002)).  "Nevertheless, the Court's consideration of documents attached to, or incorporated by

reference in the Complaint, and matters of which judicial notice may be taken, would not convert

the motion to dismiss into one for summary judgment."  *Id.*; *see also Bellin v. Zucker*, 6 F.4th

---

[1] The Court notes that Plaintiff, who is proceeding pro se, states repeatedly in his
Opposition that his Complaint was drafted by counsel.  (*See* Pl's Mem. in Opp. to Mot. ("Pl's
Opp.") (Dkt. No. 35) 4 ("Plaintiff's counsel drafted a simple complaint . . . ."); *id.* ("The
Complaint [was] drafted by counsel . . . ."); *id.* 9 ("Plaintiff's SIMPLE, STRAIGHT
FORWARD, DRAFTED BY COUNSEL complaint . . ." (emphasis in original)).  There are
circumstances under which the solicitude ordinarily afforded a pro se plaintiff are withdrawn.
*See Azzarmi v. Neubauer*, No. 20-CV-9155, 2024 WL 4275589, at *3 (S.D.N.Y. Sept. 24, 2024)
(noting that "the exact degree of solicitude that should be afforded to a pro se litigant in any
given case depends upon a variety of factors").  One such scenario is where a pro se plaintiff's
submissions "are 'drafted with the substantial assistance of an attorney.'"  *Fahey v.
Breakthrough Films & Television Inc.*, No. 21-CV-3208, 2022 WL 4547438, at *5 (S.D.N.Y.
Sept. 29, 2022) (quoting *Askins v. Metro Transit Auth.*, No. 19-CV-4927, 2020 WL 1082423, at
*4 (S.D.N.Y. Mar. 5, 2020)).  While the Court does not withdraw solicitude at this time, it notes
that Plaintiff, in this and related Actions, is straying very close to "willful, obstinate refusal to
play by the basic rules of the system upon whose very power [he] [is] calling to vindicate [his]
rights."  *Azzarmi*, 2024 WL 4275589, at *3 (quoting *Lipin v. Hunt*, 573 F. Supp. 2d 836, 845
(S.D.N.Y. 2008)); *see also infra* 7 n.2.

463, 473 (2d Cir. 2021) (explaining that "when ruling on Rule 12(b)(6) motions to dismiss," courts may "consider the complaint in its entirety . . ., documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" (internal quotation marks and citation omitted)); *Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019) ("In deciding a Rule 12(b)(6) motion, the court may consider 'only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings[,] and matters of which judicial notice may be taken.'" (quoting *Samuels v. Air Transp. Loc. 504*, 992 F.2d 12, 15 (2d Cir. 1993))).

Additionally, when reviewing a complaint submitted by a pro se plaintiff, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (internal quotation marks and citation omitted), including "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics and citation omitted), statements by the plaintiff "submitted in response to [a defendant's] request for a pre-motion conference," *Jones v. Fed. Bureau of Prisons*, No. 11-CV-4733, 2013 WL 5300721, at *2 (E.D.N.Y. Sept. 19, 2013), "documents either in [the] plaintiff['s] possession or of which [the] plaintiff[] had knowledge and relied on in bringing suit," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quotation marks and citation omitted), and "[plaintiff's] opposition memorandum," *Gadson v. Goord*, No. 96-CV-7544, 1997 WL 714878, at *1 n.2 (S.D.N.Y. Nov. 17, 1997) (citing *Gil v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987)). Because Plaintiff is proceeding pro se, the Court will consider the documents attached to his Complaint. *See Barkai v. Mendez*, 629 F. Supp. 3d 166, 175 (S.D.N.Y. 2022) (considering exhibits attached to pro se

complaint when deciding motion to dismiss); *see also Floyd v. Rosen*, No. 21-CV-1668, 2022 WL 1451405, at *3 (S.D.N.Y. May 9, 2022) (considering exhibits attached to pro se opposition memorandum).

Defendants have submitted a declaration with a number of additional exhibits: a note filed by Plaintiff and co-borrower Tiffany Eastman ("Eastman") in 2006, (Decl. of Leisl Kerechek ("Kerechek Decl."), Ex. A (Dkt. No. 34-5)); the recording of the related mortgage, (*id.*, Ex. B (Dkt. No. 34-6)); a 2012 assignment of the mortgage, (*id.*, Ex. C (Dkt. No. 34-7)); a 2014 loan modification agreement, (*id.*, Ex. D (Dkt. No. 34-8)); a 2014 stipulation of discontinuance in a foreclose action initiated in 2013, (*id.*, Ex. E (Dkt. No. 34-9)); a 2022 New York Supreme Court order dismissing an action initiated by Plaintiff in 2020, (*id.*, Ex. F (Dkt. No. 34-10)); a 2023 New York Supreme Court order dismissing an action initiated by Plaintiff in 2023, (*id.*, Ex. G (Dkt. No. 34-11)); a copy of the instant Complaint, (*id.*, Ex. H (Dkt. No. 34-12)); and a quitclaim deed executed by Eastman and Plaintiff in October 2010, (*id.*, Ex. I (Dkt. No. 34-13)). Plaintiff also appends five exhibits to his Complaint. (*See* Compl. at ECF 22–69.) The table below compares the Parties' exhibits:

| Defendants' Exhibits | Plaintiff's Exhibits |
|---|---|
| A (2006 note) | 3 |
| B (2006 mortgage) | 4 |
| C (2012 assignment & 2019 corrective assignment) | 5 |
| D (2014 loan modification agreement) | N/A |
| E (2014 stipulation) | 2 |
| F (2022 dismissal order) | N/A |
| G (2023 dismissal order) | N/A |
| H (Complaint) | N/A |
| I (2024 quitclaim deed) | N/A |
| N/A | 1 (2010 quitclaim deed) |

The Court notes that these exhibits are not perfectly identical. For example, Plaintiff's Exhibit 5 is a single page indicating the assignment of the mortgage to HSBC, (*see* Compl. at

ECF 69), while Defendants' corresponding Exhibit C includes the related deed as filed with the

Westchester County Clerk and a corrective assignment dated September 9, 2019, (*see* Kerechek

Decl., Ex. C at 1, 3–6).  The Court will take judicial notice of Defendants' Exhibits D, F, G, and

I because they are documents in the public record.  *See Torres v. MMS Grp., LLC*, No. 22-CV-

6142, 2024 WL 3274310, at *7 n.10 (S.D.N.Y. July 2, 2024) (collecting cases and noting that "a

court may, on a 12(b)(6) motion, take judicial notice of public documents relating to property,

such as a deed or chain of title." (alterations adopted) (internal quotation marks omitted) (quoting

*Fawn Second Ave. LLC v. First Am. Title Ins. Co.*, 610 F. Supp. 3d 621, 628 (S.D.N.Y. 2022)));

*McGriff v. Keyser*, No. 17-CV-8619, 2019 WL 1417126, at *5 n.1 (S.D.N.Y. Mar. 29, 2019)

(citing *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998) (noting that "a

district court may rely on matters of public record in deciding a motion to dismiss under Rule

12(b)(6), including case law and statutes")).  "However, in taking judicial notice of such public

records [i.e., opinions of other courts], the Court does so only to establish 'the fact of such

litigation,' not for the truth of the matters asserted therein."  *McGriff*, 2019 WL 1417126, at *5

n.1 (quoting *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir.

2006)).  To that end, the Court will disregard factual findings in related state court opinions and

the selected quotes in Defendants' briefing.  *See Cabrera v. Schafer*, 178 F. Supp. 3d 69, 73–74

(E.D.N.Y. 2016) (denying the defendant's request for judicial notice of selected quotes from a

decision in a different court).

B.  Factual Background

   The following facts are drawn from the Complaint and are assumed to be true for the

purpose of resolving the instant Motion.  *See Div. 1181 Amalgamated Transit Union-N.Y. Emps.*

*Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (per curiam).

On July 21, 2006, Plaintiff and Eastman executed a Note for $488,000 to IndyMac Bank. (*See* Ex. 3.) The Note was secured by a mortgage, which in turn was secured by real property, an apartment located at 25 Leroy Place, PH-07, New Rochelle, New York 10801 (the "Property"). (*See* Ex. 4.) On January 23, 2012, the Mortgage was assigned to HSBC Bank. (*See* Ex. 5.) On February 27, 2013, HSBC initiated a foreclosure action against Plaintiff and Eastman in Westchester County Supreme Court. (*See generally* Summons, *HSBC Bank USA, NA, as Trustee for the LMT 2006-6 Tr. Fund v. Mongiello et al.*, Index No. 52653/2013 (N.Y. Sup. Ct. Feb. 27, 2023) (No. 1).) The action was discontinued in October 2014 per stipulation by the parties. (*See* Ex. 2; Ex. E.) The foreclosure action was "discontinued due to a loan modification." (Ex. E at 3.) The modification removed Eastman from the loan and mortgage at issue here. (*See* Pl's Opp. 8–9.) Plaintiff alleges that, at some point after the loan modification, PHH notified Eastman that she was, in fact, still obligated under the loan and mortgage. (*Id.* 9.) Plaintiff alleges that, as a result, Eastman filed suit against him and the litigation has "cost him hundreds of thousands of dollars in legal fees[,] he is facing contempt of court charges [in a suit by Eastman,] he lost his equity[,] he lost possession of [the Property,] and he suffered great and severe emotional distress." (*Id.*) Plaintiff also alleges that, at unspecified times, Defendants "unlawfully placed charges on . . . Plaintiff's account for services which were never rendered, overcharged for services which were rendered, and imposed costs which were neither due nor ow[ed]." (Compl. ¶ 25.)

On July 31, 2020, Plaintiff initiated an action in Westchester County Supreme Court against HSBC, among others. (*See generally* Complaint, *Mongiello v. HSBC Bank USA, NA et al.*, Index No. 58368/2020 (N.Y. Sup. Ct. July 31, 2020) (No. 2).) Plaintiff sought, among other causes of action, to quiet title to the Property. *See id.* at 7. On June 17, 2022, the court granted

defendants' motion to dismiss.  (*See* Ex. F at 8.)  On February 15, 2023, Plaintiff initiated

another action in Westchester County Supreme Court, again seeking to quiet title to the Property.

(*See generally* Complaint, M*ongiello v. HSBC Bank USA NA as Trustee for the LMT 2006-6

Trust Fund*, Index No. 56788/2023 (N.Y. Sup. Ct. Feb. 15, 2023) (No. 1).)  On June 27, 2023,

the court granted HSBC's motion to dismiss for lack of personal jurisdiction.  (*See* Decision and

Order, *Mongiello v. HSBC Bank USA NA as Trustee for the LMT 2006-6 Trust Fund*, Index

No. 56788/2023 (N.Y. Sup. Ct. Feb. 15, 2023) (Nos. 45–48).)

     On October 5, 2023, Plaintiff filed a voluntary Chapter 13 bankruptcy petition in the

bankruptcy court for this district.  (*See generally* Petition, *In re Christopher Mongiello*, No. 23-

22732 (Bankr. S.D.N.Y. Oct. 5, 2023) (No. 1).)  On March 13, 2024, the bankruptcy court

recounted the matter's background and dismissed the action under 11 U.S.C. § 1307(c) for

unreasonable delay prejudicial to creditors and for lack of good faith.  (*See* Memorandum

Decision at 1, *In re Christopher Mongiello*, No. 23-22732 (Bankr. S.D.N.Y. Oct. 5, 2023) (No.

84).)[2]

---

[2] In its decision dismissing Plaintiff's case, the bankruptcy court made several
observations about Plaintiff's behavior:

> Debtor has inundated the Court with motions requesting relief that this Court has
> no power to grant, including requests to terminate Ms. Eastman's receivership
> and/or force a sale of the property to which she has not consented.  All of these
> motions have been filed in attempt to defeat the state court litigation.  Debtor stated
> at the hearing on March 13, 2024[,] that he requested discovery [citation omitted]
> in his bankruptcy case because such a request was unsuccessful in state court.  This
> Court, by its January 19 Order, ordered Debtor and Ms. Eastman back to state court.
> Debtor has not been forthcoming with his representations concerning debts,
> income, and expenses, and has continuously misrepresented facts in his petition and
> motions.

(Memorandum Decision at 7, *In re Christopher Mongiello*, No. 23-22732 (Bankr.
S.D.N.Y. Oct. 5, 2023) (No. 84).)
     Plaintiff's behavior has not changed.  On May 29, 2024, before Defendants had even
responded to the Complaint, Plaintiff filed a motion for summary judgment.  (*See* Dkt. No. 13.)

On May 30, 2024, Plaintiff executed a quitclaim deed that transferred the Property to Americo and Carmen Mongiello.  (*See* Ex. I.)

C.  Procedural Background

On September 3, 2024, Defendants filed the instant Motion to Dismiss.  (Not. of Mot.; Defs' Mem. in Supp. of Mot. ("Defs' Mem.") (Dkt. No. 34-4); Kerechek Decl.)  On September 6, 2024, Plaintiff filed his Opposition.  (*See* Pl's Opp.)  On October 16, 2024, Defendants replied.  (Defs' Reply in Supp. of Mot. ("Defs' Reply") (Dkt. No. 36).)  On October 22, 2024, Plaintiff filed an "affirmation" in support of an "order to show cause for preliminary injunction and temporary restraining order."  (*See* Dkt. No. 37 at 1.)  On October 25, 2024, the Court denied

---

On May 30, 2024, the Court noted that summary judgment was premature and denied the motion.  (*See* Dkt. No. 14.)  On May 30, 2024, and June 6, 2024, Plaintiff requested the Court reconsider its decision.  (*See* Dkt. Nos. 15, 16.)  The Court denied these requests and noted that, "[r]egardless of the reasons Plaintiff wants to move for summary judgment, there are rules that must be followed."  (*See* Dkt. No. 17.)  When Defendants, in accordance with the Court's Individual Rules, filed a request for a pre-motion conference, (Dkt. No. 18), Plaintiff responded with a letter claiming that Defendant's request was "an improper method of raising their [Rule 12(b)] defenses," (Dkt. No. 19 at 1).  On June 26, 2024, Plaintiff requested the Court enter an order requiring that any proceeds from the sale of the Property "be deposited into the Court registry."  (Dkt. No. 23 at 1.)  In denying Plaintiff's motion, the Court noted "a growing list of untimely or otherwise improper filings among Plaintiff's many actions before the Court."  (*See* Dkt. No. 28 at 3.)  In addition to this Action, Plaintiff has three other actions before the Court. (*See* Dkt. 24-CV-2290; Dkt. 24-CV-2468; Dkt. 24-CV-2548.)  Indeed, Plaintiff's behavior before the Court mirrors his conduct before the bankruptcy court:

> Debtor has repeatedly filed frivolous motions that have no bankruptcy purpose and that continuously request relief that this Court has either refused to provide or has no power to provide.  This Court and the district court have given Debtor thorough explanations for all decisions made on both the adversary proceedings as well as the underlying bankruptcy.  Debtor's duplicitous and inappropriate motions have been harassing to the court and have wasted previous time and resources.  To the extent Debtor's behavior continues, the Court will consider sanctions under Fed. Bankr. R. 9011.

(Order at 3–4, *In re Christopher Mongiello*, No. 23-7032 (Bankr. S.D.N.Y. Mar. 22, 2024) (No. 24).)  The Court notes, again, that Plaintiff has stretched the Court's leniency to a breaking point and directs Plaintiff, again, to carefully note compliance with the Court's orders and Individual Rules going forward.

Plaintiff's application for failure to follow the Court's rules on motion practice and for his failure

to establish a likelihood of success on the merits or the imminence of any irreparable harm.

(Dkt. No. 39.)

## II.  Discussion

### A.  Standard of Review

The Supreme Court has held that while a complaint "does not need detailed factual

allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(alteration adopted) (internal quotation marks and citation omitted).  Indeed, Rule 8 of the

Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Nor does a complaint

suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration

adopted) (internal quotation marks and citation omitted).  Rather, a complaint's "[f]actual

allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550

U.S. at 555.

"[O]nce a claim has been stated adequately, it may be supported by showing any set of

facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege

"only enough facts to state a claim to relief that is plausible on its face," *id.* at 570.  However, if

a plaintiff has not "nudged [his] claim[ ] across the line from conceivable to plausible, the[ ]

complaint must be dismissed." *Id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a

complaint states a plausible claim for relief will . . . be a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense.  But where the well-

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" (alteration adopted) (internal quotation marks and citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and "draw[ ] all reasonable inferences in favor of the plaintiff," *Daniel v. T&M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Additionally, as noted, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks and citation omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).

As also noted above, when a plaintiff proceeds pro se, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah*, 2013 WL 3972514, at *4 n.3 (internal quotation marks and citation omitted), including "documents that a pro se litigant attaches to his opposition papers," *Agu*, 2010 WL 5186839, at *4 n.6 (italics and citation omitted). Moreover, where, as here, a plaintiff proceeds pro se, the Court must "construe[] [his] [complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013)

(internal quotation marks and citation omitted); *Murphy v. Rodriguez*, No. 23-CV-6998, 2024 WL 4290723, at *4 (S.D.N.Y. Sept. 25, 2024) (same). Notwithstanding a standard of review comparatively more lenient and favorable to pro se litigants, such treatment "does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks and citation omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics, internal quotation marks, and citation omitted)).

B.  Analysis

    Defendant argues that Plaintiff has failed to state a claim for quiet title, (Defs' Mem. 7–9), and for violations of various statutes referenced throughout the Complaint, (*id.* 9–12), for slander of title, (*id.* 12), and for breach of contract, (*id.* 13). Defendants also argue that Plaintiff should not be permitted to amend the Complaint because doing so would be futile and that 28 U.S.C. § 1915 provides alternative ground to dismiss the Complaint on the ground that it is frivolous. (*Id.* 13–15.) The Court addresses each of these arguments in turn.

    1.  Failure to State a Claim

        a.  Quiet Title

    "In New York, the equitable action to quiet title has been largely replaced by proceedings under Article 15 of the Real Property Actions and Proceedings Law (the 'RPAPL')." *Plotch v. U.S. Bank Nat'l Assoc.*, No. 21-CV-6078, 2024 WL 2194205, at *3 (E.D.N.Y Apr. 23, 2024), (quoting *Costa v. Deutsche Bank Nat'l Tr. Co. for GSR Mortg. Loan Tr. 2006-OA1*, 247 F. Supp. 3d 329, 337 (S.D.N.Y. 2017)), *appeal pending*, No. 24-1308 (2d Cir. May 15, 2024). RPAPL Article 15 expressly states that "[n]othing contained in [Article 15] shall be construed to limit

any other remedy in law or equity."  N.Y. R.P.A.P.L. § 1551.  "Thus, [a plaintiff] may choose to

seek an equitable common law action to quiet title despite the existence of the RPAPL statute, or

[he] may bring both claims."  *Barberan v. Nationpoint,* 706 F.Supp.2d 408, 417 (S.D.N.Y.2010).

"The Second Circuit has also stated that the important distinction between the common-law and

statutory causes of action for quiet title is that the plaintiff need only plead its claim to an estate

or interest in land and defendant's adverse claim; [the] plaintiff need not plead the 'invalidity' of

defendant's claim as required under the common law."  *Nagessar v. Ne. All. Mortg. Banking*

*Corp.*, No. 18-CV-6709, 2022 WL 3139098, at *4 (E.D.N.Y. Aug. 5, 2022) (internal quotation

marks omitted) (quoting *W. 14th St. Comm. Corp. v. 5 W. 14th Owners Corp.*, 815 F.2d 188, 196

(2d Cir. 1987)).  Plaintiff does not specify whether he seeks to quiet title under common law or

RPAPL, so the Court will analyze his claim under both.

### i.  Common Law

        "To maintain an equitable quiet title claim, a plaintiff must allege actual or constructive

possession of the property and the existence of a removable cloud on the property, which is an

apparent title, such as in a deed or other instrument, that is actually invalid or inoperative."

*Norman v. Bank of New York Mellon Tr. Co. N.A. as Tr. for Mortg. Assets Mgmt. Series 1 Tr.*,

No. 24-CV-4737, 2024 WL 4558471, at *6 (S.D.N.Y. Oct. 21, 2024) (quoting *Acocella v. Wells*

*Fargo Bank, NA*, 32 N.Y.S.3d 187, 189 (N.Y. App. Div. 2016)); *see also* 90 N.Y. Jur. 2d Real

Property, Possessory and Related Actions §§ 512, 516.  "A mortgage may constitute an invalid

cloud on title."  *Barberan*, 706 F. Supp. 2d at 419; *see also Residential Funding Corp. v. Epps*,

No. 21077/08, 25 Misc.3d 1211(A), 2009 WL 3210351, at *3 (N.Y. Sup. Ct. Oct. 7, 2009)

(noting that a mortgage that had "ceased to be a valid lien on the premises, [] may be canceled as

a cloud on title"); *3021 Corp. v. Napoli*, 49 N.Y.S.2d 399, 400–01 (N.Y. Sup. Ct. 1944) (finding

that plaintiff's claim that mortgage was not valid and that defendant was not the actual owner of the mortgage stated a claim to quiet title); *see generally* 90 N.Y. Jur. 2d Real Property, Possessory and Related Actions § 521.

### ii.  RPAPL

RPAPL Article 15 provides that "a person [who] claims an estate or interest in real property . . . may maintain an action against any other person . . . to compel the determination of any claim adverse to that of the plaintiff."  N.Y. R.P.A.P.L. § 1501(1).  Pursuant to RPAPL § 1515, Plaintiff must include allegations concerning:  "(1) the nature of the plaintiff's interest in the real property and the source of this interest; (2) that the defendant claims or appears to claim an interest in the property adverse to the plaintiff's interest, and the nature of the defendant's interest; (3) whether any defendant is known or unknown and whether any defendant is incompetent; and (4) whether all interested parties are named and whether the judgment will or might affect other persons not ascertained at the commencement of the action.'"  *Nagessar*, 2022 WL 3139098, at *4 (quoting *Neely v. RMS Residential Mortg. Sol., L.L.C.*, No. 12-CV-1523, 2013 WL 752636, at *14 (E.D.N.Y. 2013)).  A plaintiff must also demonstrate that "the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired . . . ."  N.Y. RPAPL § 1501(4).  The applicable statute of limitations for a foreclosure action is six years after the acceleration of the mortgage.  *See 21st Mortg. Corp. v. Nweke*, 85 N.Y.S.3d 127, 129 (N.Y. App. Div. 2018); *Mizrahi v. U.S. Bank*, 64 N.Y.S.3d 572, 572–73 (N.Y. App. Div. 2017).  "Once the statute of limitations has run, a person with an interest in the property can file suit to quiet title pursuant to RPAPL § 1501(4)."  *Plotch*, 2024 WL 2194205, at *3.

### iii.  Application

Under both common law and the RPAPL, individuals who "claim no interest in the real property which is subject of [the] action, having conveyed any interest they had . . . are neither necessary nor proper parties to an action to quiet title." *McGahey v. Topping*, 255 A.D.2d 562, 563 (N.Y. App. Div. 1998); *Soscia v. Soscia*, 35 A.D.3d 841, 843 (N.Y. App. Div. 2006) (same); *see also Com. Lender, LLC v. DeVivo*, No. 22-CV-6443, 2023 WL 8717012, at *2 (E.D.N.Y. Dec. 18, 2023) ("A party without any interest in the subject property is unable to bring a quiet title action.").  Relevant here, Plaintiff quitclaimed his interest in the Property four days before initiating this Action.  (*See* Ex. I at 2 (indicating Plaintiff quitclaimed the Property on March 21, 2024).)  The quitclaim provides that Plaintiff "remise[d], release[d], and quitclaim[ed] . . . all the rights, title, interest, and claim in or to [the Property]."  (*Id.*)  Plaintiff also acknowledges that, in 2024, "he lost the [P]roperty to foreclosure by his parents[.]"  (*See* Pl's Opp. 8.)  As such, Plaintiff has no right or interest in the Property.  With no cognizable interest in the Property, Plaintiff cannot maintain a quiet title claim.  *See Com. Lender, LLC*, 2023 WL 8717012, at *2 (dismissing quiet title claim where plaintiff "fail[ed] to allege a property interest that could serve as a basis for a quiet title claim"); *Soscia*, 35 A.D.3d at 843 (same); *McGahey*, 244 A.D.2d at 563 (same).

### b.  Statutory Violations

Plaintiff alleges that statutes cited in the Complaint "are strict liability statutes," but does not clearly indicate the statutes to which he refers.  (*See* Compl. ¶ 48.)  The Court addresses the various statutes mentioned throughout the Complaint and whether Plaintiff has stated a claim under each.

i.  RPAPL § 1921

Plaintiff states that the Action is pursuant to RPAPL § 1921(1) ("Section 1921").  (*Id.* ¶ 10.)  Section 1921 provides that, within 30 days of the satisfaction of a mortgage contract, the mortgagee must record a certificate of discharge of the mortgage.  RPAPL § 1921(1).  Upon the mortgagee's failure to comply, any person having an interest in the underlying property can apply in New York state court for an order to show cause why the court should not cancel and discharge the mortgage.  RPAPL § 1921(2).  The mortgagee's failure to comply results in liability to the mortgagor in the amount of $500 if the satisfaction is recorded between 30 and 60 days after satisfaction, $1,000 if the recording is between 60 and 90 days after the satisfaction, and $1,500 if the recording occurs more than 90 days after the satisfaction.  *See* RPAPL § 1921(1).

Plaintiff does not specifically allege, nor does he provide documentary support, that the mortgage on the Property is satisfied.  Even assuming that he has, Plaintiff has failed to demonstrate that he has standing to bring this claim; specifically, he has not alleged a cognizable injury.  For example, Plaintiff has not alleged that Defendants' alleged delay in recording mortgage satisfaction resulted in the payment of duplicative filing fees, reputational harm, or adversely affected his credit.  *See Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 64–65 (2d Cir. 2021) (describing the circumstances under which a plaintiff may adequately allege standing for suit pursuant to RPAPL 1921).  Reading the Complaint liberally, Plaintiff has alleged that Defendants' failure to timely record satisfaction caused Plaintiff "emotional distress."  (*See* Compl. ¶¶ 26–30.)  However, "[a] perfunctory allegation of emotional distress, especially one wholly incommensurate with the stimulant, is insufficient to plausibly allege constitutional standing."  *Maddox*, 19 F.4th at 65; *cf. Guthrie v. Rainbow Fencing Inc.*, 113 F.4th

15

300, 311 (2d Cir. 2024) (affirming the district court's ruling that plaintiff's failure to link the alleged harm to the alleged statutory violation meant that plaintiff lacked standing). Accordingly, this claim is dismissed because Plaintiff has failed to allege that the mortgage was satisfied and, with sufficient particularity, that his damages as they relate to Defendants' failure to record the satisfaction—in other words, he lacks standing.  However, if Defendants have indeed delayed in recording the mortgage satisfaction, Plaintiff has "an easy way to collect [his] reward for reporting [Defendants'] delay . . . [as he] may recover the statutory penalty in state court."  *Maddox*, 19 F.4th at 66.

ii.  RESPA

Plaintiff alleges violations of five provision of RESPA:  failure to "credit recovery of third party insurance proceeds" pursuant to 12 C.F.R. § 1024.17(f)(2)(i); failure to provide annual escrow account statements pursuant to 12 C.F.R. § 1024.17(i); failure to timely provide servicing disclosure statements pursuant to 12 C.F.R. § 1024.33(a); failure to refund escrow balance pursuant to 12 C.F.R. § 1024.34(b); and failure to timely respond to a notice of error and to correct said error pursuant to 12 C.F.R. § 1024.35.  (*See* Compl. ¶ 25.)

RESPA was enacted to ensure that consumers are informed about the "nature and costs of the [real estate] settlement process" and to protect them from "abusive practices" in the market for real estate services.  *Sutton v. CitiMortgage, Inc.*, 228 F. Supp. 3d 254, 260 (S.D.N.Y. 2017) (quoting 12 U.S.C. § 2601(a)); *see also Hunte v. Rushmore Loan Mgmt. Servs., LLC*, No. 22-CV-2169, 2024 WL 1076683, at *3 (S.D.N.Y. Mar. 11, 2024) (same).  Regulation X implements RESPA.  *See* 12 C.F.R. § 1024.1.  "To state a claim under RESPA, a plaintiff must allege that the defendant failed to comply with specific RESPA provisions *and* identify damages that she sustained *as a result* of the defendant's alleged RESPA violations."  *Bocci v. Nationstar Mortg.*

16

*LLC*, No. 23-CV-1780, 2024 WL 3813756, at *8 (S.D.N.Y. June 28, 2024) (citations omitted) (emphasis in original), *report and recommendation adopted*, 2024 WL 4326932 (S.D.N.Y. Sept. 27, 2024).

Plaintiff has clearly satisfied the first prong, as he has alleged violations of five RESPA provisions. (*See* Compl. ¶ 25.) However, he has failed to identify any damages that he has sustained *as a result of* those violations. Courts regularly dismiss RESPA complaints at the pleading stage "for failing to 'allege injury and resulting damages that are *proximately caused* by the loan servicer's failure to adhere to its [RESPA] obligations.'" *Bocci*, 2024 WL 3813756, at *8 (emphasis in original) (quoting *Gorbaty v. Wells Fargo Bank, N.A.*, No. 10-CV-3291, 2014 WL 4742509, at *5 (E.D.N.Y. Sept. 23, 2014)). In his Opposition, Plaintiff asserts that these violations "constitute[] a material breach of the mortgage agreement," (Pl's Opp. 7), but does not make any additional allegations linking his damages to the alleged RESPA violations. This failure is "fatal" to Plaintiff's claims under RESPA. *Bocci*, 2024 WL 3813756, at *9. To the extent that Plaintiff alleges that his emotional distress damages flow from Defendants' RESPA violations, Plaintiff's conclusory allegations of emotional distress damages do not plausibly allege that linkage. *See Ramirez v. Wells Fargo Bank, N.A.*, No. 19-CV-5074, 2021 WL 9564023, at *11 (E.D.N.Y. Mar. 24, 2021) (dismissing RESPA claims where plaintiff failed to link allegations of economic and noneconomic damages to defendant's failure to comply with RESPA); *Gorbaty*, 2014 WL 4742509, at*6 (dismissing plaintiff's RESPA claim where she "[did] not adduce sufficient factual allegations linking her purported stress and anxiety to [defendant's alleged RESPA violation].").[3]

---

[3] The Court notes that Plaintiff states this Action is brought pursuant to RESPA "for Servicer's failure to respond to a qualified written request." (Compl. ¶ 9.) This "request" is not

c.  Slander of Title

Construed liberally, Plaintiff appears to assert a claim of slander of title.  (Compl. ¶¶ 42–45.)  "Under New York law, '[t]o state a claim for slander of title under New York law, a plaintiff must allege (1) a communication falsely casting doubt on the validity of complainant's title, (2) reasonably calculated to cause harm, and (3) resulting in special damages.'"  *Gonzalez v. J.P. Morgan Chase Bank, N.A.*, 228 F. Supp. 3d 277, 290 (S.D.N.Y. 2017) (quoting *Nials v. Bank of Am.*, No. 13-CV-5720, 2014 WL 2465289, at *4 (S.D.N.Y. May 30, 2014)).  As to the first element, "[t]he wrongful filing for record of a document which casts a cloud upon another's title to or interest in realty is clearly such an act of publication as to give rise to an action for slander of title, if provable damages result."  *Wei Su v. Sotheby's, Inc.*, No. 17-CV-4577, 2019 WL 4917609, at *3 (S.D.N.Y. Oct. 4, 2019) (quoting *Hanbidge v. Hunt*, 183 A.D.2d 700, 701 (N.Y. App. Div. 1992)).  "New York law also requires that Plaintiff demonstrate that the statements are made with 'malice' or 'at least a reckless disregard for their truth or falsity.'"  *Gonzalez*, 228 F. Supp. 3d at 290 (citation omitted).  A slander of title claim is subject to a one-year statute of limitations that begins to accrue from the time special damages are incurred.  *See Wei Su*, 2019 WL 4917609, at *3 & n.2.

Plaintiff has failed to state a claim for slander of title.  First, Plaintiff alleges that the mortgage on the Property "constitutes a slander on Plaintiff's title."  (Compl. ¶ 42.)  While the wrongful filing of a mortgage can give rise to a claim for slander of title, *see Wei Su*, 2019 WL 4917609, at *3, Plaintiff no longer has title to the Property, (*see* Ex. I at 2 (indicating Plaintiff

_____

referenced anywhere else in the Complaint or in Plaintiff's Opposition.  (*See generally id.*; Pl's Opp.)  Plaintiff's failure to plead any facts related to this request means that it, standing alone, cannot bear the weight of Plaintiff's RESPA claims.

18

quitclaimed the Property on March 21, 2024)).  Further, Plaintiff has failed to plead facts sufficient to show that the recording was false or that it "render[ed] [his] title 'unmarketable in the legal sense' or 'tend[ed] to cast doubt on the validity' of such title."  *Int'l Grp., LLC v. Padilla*, No. 11-CV-6622, 2012 WL 5398674, at *7 (W.D.N.Y. Nov. 2, 2012).  Even if Plaintiff retained title, he "has failed to show that [Defendants] acted with knowledge that the statements were false or with a 'reckless disregard' for the truth or falsity of the statements."  *Chamilia, LLC v. Pandora Jewelry, LLC*, No. 04-CV-6017, 2007 WL 2781246, at *11 (S.D.N.Y. Sept. 24, 2007) (citing *Fink v. Shawangunk Conservancy, Inc.*, 15 A.D.3d 754, 756 (N.Y. App. Div. 2005)).  In other words, Plaintiff has failed to plausibly allege that Defendants either knew that Eastman did not, in fact, have a continuing obligation related to the Property or that their communication with Eastman evinced a "reckless disregard" for the truth or falsity of the statement.  *Id.*; *cf. Pelc v. Berg*, 68 A.D.3d 1672, 1674 (N.Y. App. Div. 2009) (notice of a lien constituted notification of a claim against the property and was not a false communication).  As to the third element, Plaintiff claims $16 million in damages.  (*See* Compl. at ECF 14 ¶ 1.) Plaintiff calculates this by claiming "monetary damages" in the amount of $4 million and $12 million in "exemplary damages."  (*Id.* ¶ 40.)  Again putting aside for the moment that Plaintiff no longer has title to the Property, Plaintiff has failed to allege his special damages with "sufficient particularity."  *See Jarrett v. Bank of Am., Corp.*, 187 N.Y.S.3d 581, at *5 (N.Y. Sup. Ct. 2023). Instead, Plaintiff simply claims that he has "suffer[ed] and will continue to suffer" in the amount of $16 million.  (*See* Compl. ¶ 40.)  Further, New York courts have held that the usual cause of action for slander of title does not arise until there is a loss of sale.  *See Rosenbaum v. City of New York*, 8 N.Y.3d 1, 12 (N.Y. 2006); *Wei Su*, 2019 WL 4917609, at *3.  Plaintiff alleges no analogous loss here.

Accordingly, because Plaintiff no longer retains title to the Property and has failed to adequately allege a communication casting doubt on his non-existent title, malice on the part of Defendants, or his special damages, this claim is dismissed.

### d.  Breach of Contract

The Complaint may be read to allege breach of the loan modification agreement.  (*See, e.g.*, Compl. ¶¶ 26(f), 49(g).)  More specifically, Plaintiff alleges that Defendants breached the terms of the loan modification agreement by informing Eastman that "she was still obliged under the note and mortgage, even though that statement of fact was blatantly false."  (*Id.* ¶ 26(a).)

To state a claim for breach of contract under New York law, a plaintiff must plead the following elements:  "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 188–89 (S.D.N.Y. 2011) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996)); *see also Piuggi v. Good for You Prods. LLC*, 739 F. Supp. 3d 143, 166 (S.D.N.Y. July 2, 2024) (same).  "To plead these elements, 'a plaintiff must identify what provisions of the contract were breached as a result of the acts at issue.'" *Ellington*, 837 F. Supp. 2d at 189 (quoting *Wolff v. Rare Medium, Inc.*, 171 F. Supp. 2d 354, 358 (S.D.N.Y. 2001)).  "Moreover, 'stating in a conclusory manner that an agreement was breached does not sustain a claim of breach of contract.'" *Id.* (alteration adopted) (quoting *Berman v. Sugo L.L.C.*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008)).

While Plaintiff has alleged the existence of the loan modification agreement, he has not identified what provision of the agreement Defendants breached.  Rather, he states repeatedly and in a conclusory manner that Defendants simply breached the loan modification agreement.  (*See* Compl. ¶¶ 26(f), 49(g); Pl's Opp. 9–11.)  This is insufficient to state a claim for breach of

contract; accordingly, this claim is dismissed.  *See Piuggi*, 2024 WL 3274638, at *14 (dismissing claim for breach of contract because plaintiff failed to allege which contractual provisions defendant had breached); *DeMarle v. Videk, Inc.*, 678 F. Supp. 3d 353, 361–62 (W.D.N.Y. 2023) (dismissing breach of contract claim where "[t]he complaint contain[ed] very little detail with respect to the contract alleged" and "lack[ed] allegations with respect to the major terms of the contract").

     2.  Amendment & Futility

     Defendants argue that the Court should dismiss the Complaint with prejudice because its deficiencies cannot be remedied by amendment or, alternatively, because Plaintiff's Complaint is frivolous as under 28 U.S.C. § 1915.  (*See* Def's Mem. 13–15.)  Plaintiff does not address this argument in his Opposition.  (*See generally* Pl's Opp.)

     While a pro se litigant should not be dismissed without granting leave to amend at least once, leave to amend a complaint may be denied when amendment would be futile.  *See Boykin v. Moreno*, No. 17-CV-6869, 2020 WL 882195, at *8 (S.D.N.Y. Feb. 24, 2020) (citing *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014)).  The Court has determined that Plaintiff's factual allegations are insufficient to state a claim under either RPAPL Sections 1501 and 1921 and for common law and statutory quiet title because Plaintiff no longer has any interest in the Property.  However, Plaintiff's remaining claims are dismissed without prejudice, because the deficiencies in those claims could be cured by amendment.  Given that this is Plaintiff's first adjudication on the merits before the Court, Defendants' request to deny Plaintiff the opportunity to amend is denied.  Defendants may raise the argument again in response to an amended complaint.

III.  Conclusion

For the reasons stated above, Defendants' Motion to Dismiss is granted and the Complaint is dismissed.  To the extent that Plaintiff has a good faith basis for filing an amended complaint that complies with the discussion set forth in this Opinion, he must do so within 30 days of this Opinion.  Plaintiff is advised that the amended complaint will completely replace, not supplement, the Complaint.  The amended complaint must therefore contain all claims, defendants, and factual allegations that Plaintiff wishes the Court to consider.  If Plaintiffs fail to timely file an amended complaint, Plaintiff's claims may be dismissed with prejudice.  The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 34.

SO ORDERED.

Dated:    March 3, 2025
          White Plains, New York

_____
     KENNETH M. KARAS
     United States District Judge