MEMO ENDORSED

CHRISTOPHER M. MONGIELLO
889 JAMES STREET
PELHAM MANOR, NY 10803
TEL: 914 646-8224
EMAIL:

OCTOBER 10TH, 2025

Hon. Kenneth M. Karas
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Deputy Phone: (914) 390-4146

Courtroom: 521
Chambers Email:
Chambers Phone: (914) 390-4145

Re: **7:24-cv-02291-KMK**
LETTER TO COURT REQUESTING PERMISSION TO PROCEED ON EMERGENCY MOTION ATTACHED

To the Court and all parties:

Your Honor.

Enclosed, please find an emergency motion I need a ruling upon in order to avoid being incarcerated. I have only a limited time within which to close escrow on an existing sale contract. Escrow is opened and the buyer is willing to close. HSBC is interfering with that closing and I need a way to complete the transaction to avoid a six month jail sentence. Please help by setting a motion schedule on the attached pleading. Thank you so much for your attention to this urgent matter.

    Respectfully Submitted.

    Christopher M. Mongiello,

**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————x
}
CHRISTOPHER M. MONGIELLO    }    CASE NO.   7:24-cv-02291-KMK
    Plaintiff,    }
}    **PLAINTIFF'S EMERGENCY**
}    **MOTION FOR TEMPORARY**
}    **RESTRAINING ORDER AND FOR**
}    **LEAVE TO CLOSE SALE OF REAL**
}    **PROPERTY AND DEPOSIT**
}    **PROCEEDS INTO COURT**
}    **REGISTRY OR BLOCKED ESCROW**
}
HSBC BANK USA NA AS    }
TRUSTEE FOR THE LMT    }
2006-6 TRUST FUND,    }
aka HSBC    }
BANK USA NA AS TRUSTEE    }
FOR THE LEHMAN    }
MORTGAGE TRUST    }
MORTGAGE PASS-    }
THROUGH CERTIFICATES,    }
SERIES 2006-6, PHH    }
MORTGAGE,    }
PHH CORPORATION,    }
    Defendant.    }
}
——————————————————}

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

    Plaintiff, Christopher Mongiello, moves the court for an emergency order authorizing him to proceed with the scheduled sale of the subject property in Pelham Manor, New York, and requiring Defendants to issue a release of lien to the title company or to otherwise permit closing, with the **net sale proceeds to be deposited into a blocked, interest-bearing escrow account or into the registry of this Court**, pending final adjudication of Plaintiff's claims on the following grounds:

1

**MEMO ENDORSED**

**CERTIFICATE OF SERVICE**

A true and correct copy was sent by email to Leisl Bauman Kerechek on the date set forth below.

Dated OCTOBER 10TH, 2025

    Respectfully Submitted.

    /s/
    Christopher M. Mongiello,
    Plaintiff.

Attachment – emergency motion

2

MEMO ENDORSED

This emergency relief is necessary because:

- The **state court contempt hearing has been held and if the property does not close on the existing contract for sale before the next sixty days, with a potential of an additional 30 day extension upon consent of court, the Plaintiff will be incarcerated for six months.** Plaintiff faces **incarceration** of up to 180 days, if the closing does not occur. "**Order of Commitment**. The Defendant hereby agrees for this Court to forthwith issue an Order of Commitment, in the form annexed hereto as Exhibit "l" (the "Order of Commitment"), which Order of Commitment shall be stayed for a period of sixty (60) days from the date hereof, and such stay may be extended for an additional period of up to thirty (30) days provided that the closing of title in connection with the sale of the Premises, as hereinafter provided, is delayed through no fault of Defendant. The Order of Commitment shall be for one hundred eighty (180) days, or such lesser time as the Court shall deem proper. 3. **Sale of Premises**. The Defendant's Father, Americo Michael  a. **Agreement to Sell**. The Defendant's Father, Americo Mongiello ("Americo Mongiello"), as surviving tenant by the entirety, the presumed record owner of the Premises by virtue of the Deed in Lieu, hereby agrees to sell the Premises forthwith to the currently identified buyer, at an agreed upon purchase price. In connection therewith, the Mortgages shall be paid off in full, any and all common charges due to the Condominium Association through the date of closing shall be paid, any and all real estate taxes through the date of closing shall

2

**MEMO ENDORSED**

be paid, and any and all usual and customary costs associated with a real estate closing, including but not limited to New York State Transfer Taxes, recording fees, title charges, title closer fees, and/or any other charge or expenses required to consummate the closing of title shall be paid. Further, if there is any shortfall due to the payoffs, and the other expenses attendant to the closing, the Defendant and/or Americo Mongiello shall cause same to be paid so as to consummate the closing of title."

- The lien Defendants assert is **time-barred, void, or based on fraudulent assignments**; nonetheless, they have issued a **payoff demand of $447,171.34**, blocking the sale of the property.

  Due Date of Monthly Payment: December 1, 2019
  Interest Rate 2.00025 %
  First Principal $364,491.07
  Interest $43,556.22
  Escrow/Impound Overdraft $28,001.63
  Unpaid Late Charges $98.52
  Recoverable Balance $4,893.40
  Recording Fee $55.50
  Foreclosure Fee & cost $6,075.00
  TOTAL PAYOFF AMOUNT DUE BY 10-22-2025 $447,171.34
  Next Due Date 12-01-2019
  Quoted Date 09-24-2025
  Payoff Quote Expiration Date 10-22-2025
  Original Principal Balance $488,000.00
  Per Diem Interest $19.97

- Plaintiff has demonstrated a **likelihood of success** on the merits of his RPAPL § 1501(4) action to discharge the mortgage, and **irreparable harm** will result absent immediate federal intervention.

**FACTUAL BACKGROUND**

3

MEMO ENDORSED

- The mortgage at issue was **accelerated February 27, 2013**; the foreclosure was **discontinued October 31, 2014**.

- No payments were made within six years of acceleration; thus, under **CPLR 213(4)** and **RPAPL 1501(4)**, the lien is time-barred.

- *Engel* has been superseded by the **Foreclosure Abuse Prevention Act (FAPA)** (CPLR § 5473-D, 2022), which applies retroactively and confirms that voluntary discontinuance does not toll the limitations period.

- Assignments by Wendy Traxler and later "corrective assignments" by robo-signer Jacoby D. Waters are **void under *Indymac FSB v. Meisels* (2012)** and ***Bank of N.Y. v. Silverberg* (2011)** because MERS lacked authority to assign for IndyMac, which was defunct.

- The Trust purported to own the loan has **distributed all assets** and **ceased to exist**, per sworn SEC filings (see EDGAR No. 0001056404-07-001154).

- The corrective assignment of mortgage is similarly void, robo-signed by an entity with no authority to do so, and did not correct the original void assignment, as the mortgage it referred to was a second mortgage, not the first mortgage which was the subject of this demand.

- Defendants' servicer **PHH Mortgage** has demanded payoff from Plaintiff's ex-wife, breaching the **Ocwen loan modification** naming Plaintiff alone. This triggered contempt proceedings in state court and a forced sale.

4

**MEMO ENDORSED**

- Closing is now scheduled; Defendants refuse to release their lien. If the sale does not close, **Plaintiff will be jailed** for contempt despite not owing the debt.

- Christopher Mongiello and Americo Mongiello both join in their request that the court permit the sale to proceed without interference by HSBC; that HSBC be ordered to provide a release of lien to the escrow officer and the proceeds from the sale in an amount of **$447,171.34 be held in a blocked interest bearing account or the court registry.**

**ARGUMENT**

**I. The Court Has Authority to Issue Emergency Injunctive Relief (FRCP 65; 28 U.S.C. § 1651)**

A TRO is warranted when the movant shows (1) likelihood of success on the merits, (2) irreparable harm, (3) balance of equities tipping in their favor, and (4) public interest. *See Winter v. NRDC*, 555 U.S. 7 (2008); *Citigroup Global Mkts. v. VCG Special Opportunities Master Fund*, 598 F.3d 30 (2d Cir. 2010).

- **Likelihood of Success:** Plaintiff's RPAPL § 1501(4) claim is straightforward: the statute of limitations expired over six years ago. Defendants admit the last payment was December 31, 2018. Their own foreclosure was discontinued in 2014. Under FAPA, the lien is extinguished. The assignments are fraudulent and void. There is no trust, and it has already distributed all of its assets it had, therefore it cannot claim to be the owner of the subject note and mortgage. That is reiterated

5

by the fact that the assignment and corrective assignment are facially defective and void.

- **Irreparable Harm:** Plaintiff faces incarceration, loss of the sale, reputational harm, and already has been deprived of his home. Monetary damages cannot cure these harms.

- **Balance of Equities:** The relief sought merely preserves the status quo and deposits disputed funds into Court control; Defendants suffer no prejudice.  Plaintiff prays that the funds be retained in an interest bearing account, so even the accrued interest is protected during any delays caused by litigation.

- **Public Interest:** Preventing wrongful foreclosure collection on expired mortgages serves public policy against fraudulent securitization practices and protects the integrity of New York's foreclosure statutes.  The statutes sought to be enforced were designed to protect the public interest. The public policy of New York's RPAPL § 1501 is to provide a remedy for property owners and interested parties to remove "clouds on title"— uncertain or competing claims to real property. This legislative tool serves to clarify and quiet title, thereby promoting marketability of real estate and preventing property from being left in a legal or financial limbo.[1]

---

[1] Quieting title
The core purpose of RPAPL § 1501 is to enable a person claiming an interest in real property to bring a legal action against any other person asserting an adverse claim. The outcome of the action is a court judgment that defines the rights of the parties regarding the property. This process resolves disputes related to:
- **Boundary disputes**: Clarifying property lines with neighbors.
- **Title errors**: Correcting mistakes or defects in property records.
- **Inheritance issues**: Determining rightful ownership among heirs.

6

## II. Escrow or Registry Deposit Preserves All Parties' Interests

Courts routinely authorize closings where lien validity is disputed by ordering **escrow of proceeds**. *See, e.g., U.S. v. Cohen*, 152 F. Supp. 2d 136 (E.D.N.Y. 2001) (funds held pending resolution of competing claims); *SEC v. Credit Bancorp*, 194 F.R.D. 457 (S.D.N.Y. 2000) (registry deposit appropriate to preserve rights).

---

- **Encumbrances**: Removing financial liens, such as a mortgage barred by the statute of limitations.

Addressing time-barred mortgages
A specific and significant policy goal of RPAPL § 1501(4) is to allow borrowers to cancel and discharge old mortgages that are no longer enforceable due to the expiration of the statute of limitations. This provision serves to:

- **Prevent indefinite liens**: It prevents banks and lenders from maintaining perpetual or indefinite security interests on a property, even if they have failed to foreclose in a timely manner.
- **Establish a clear timeline**: In New York, the six-year statute of limitations for mortgage foreclosures begins when the mortgage debt is "accelerated"—a demand for the entire outstanding balance is made. RPAPL § 1501(4) enforces this timeline by giving the property owner a cause of action to extinguish the lien once the period expires.
- **Promote transferability**: By providing a mechanism to clear old, unenforceable mortgages, the law ensures that these "zombie" liens do not hinder a property's marketability.

Promoting judicial efficiency
The policy also aims to promote judicial efficiency by settling conflicting claims in one comprehensive action, avoiding a series of smaller disputes. The court's ruling is a final and binding determination of the property's ownership. By clearly defining ownership rights, the law reduces the potential for future litigation and provides certainty for all parties.
Relationship to other laws

- **Foreclosure Abuse Prevention Act (FAPA)**: Recent laws like FAPA have reinforced the policy of preventing abusive or indefinite foreclosure practices. FAPA addresses prior judicial interpretations that allowed lenders to manipulate the statute of limitations, thereby strengthening the protection for property owners contemplated by RPAPL § 1501(4).
- **Declaratory judgment**: While both a quiet title action and a declaratory judgment action can remove a "cloud" on a title, a quiet title claim under RPAPL § 1501 has specific procedural requirements and provides a stronger, more complete remedy.

In summary, the public policy of RPAPL § 1501 is to facilitate the orderly and clear transfer of real property by providing a legal mechanism to resolve competing ownership and lien claims. It ensures that title is marketable and that property owners are not indefinitely burdened by expired or invalid encumbrances.

7

**MEMO ENDORSED**

Here, deposit into a **blocked interest bearing escrow or the court registry** will ensure Defendants' claimed interests are fully protected while preventing catastrophic harm to Plaintiff.

### III. The Requested TRO Is Narrowly Tailored

Plaintiff does **not** seek to prejudice Defendants' substantive defenses. He seeks only:

1. Authorization to close the pending sale;
2. An order compelling Defendants to provide a lien release or otherwise not interfere with closing; and
3. Direction that **$447,171.34** be deposited into a blocked, segregated, interest bearing escrow bank account, or, in the alternative, simply have the escrow officer close the sale and deposit **$447,171.34** into the registry of this Court, to remain there pending final judgment.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **Issue a Temporary Restraining Order** preventing Defendants from interfering with the closing of the sale of the subject property;
2. **Order Defendants to provide a lien release** or similar instrument enabling the title company to close;
3. **Direct that the sale proceeds** in the sum of **$447,171.34** be deposited into a blocked interest bearing escrow account or into the registry of this Court which will not be released to the seller or either party without further order of the court;

8

**MEMO ENDORSED**

4. **Set an expedited briefing schedule and hearing** on a preliminary injunction; and

5. Grant such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED.
Dated October 9th, 2025

/s/_____
CHRISTOPHER M. MONGIELLO
889 JAMES STREET
PELHAM MANOR, NY 10803
TEL: 914 646-8224
EMAIL:

9

MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____x
                              }
CHRISTOPHER M. MONGIELLO       }     CASE NO.   7:24-cv-02291-KMK
     Plaintiff,                }
                               }     **ORDER (PROPOSED)**
                               }
                               }
                               }
HSBC BANK USA NA AS            }
TRUSTEE FOR THE LMT            }
2006-6 TRUST FUND,             }
aka HSBC                       }
BANK USA NA AS TRUSTEE         }
FOR THE LEHMAN                 }
MORTGAGE TRUST                 }
MORTGAGE PASS-                 }
THROUGH CERTIFICATES,          }
SERIES 2006-6, PHH             }
MORTGAGE,                      }
PHH CORPORATION,               }
     Defendant.                }
                               }
_____}

## ORDER GRANTING EMERGENCY RELIEF TO PERMIT CLOSING AND DIRECTING DEPOSIT OF PROCEEDS

Upon Plaintiff's Emergency Motion for Temporary Restraining Order and related relief, and the Court having considered the papers and the record, **IT IS HEREBY ORDERED** that:

1. **Authority to Close.** Plaintiff is **authorized to proceed with the pending sale** of the real property that is the subject of this action (the "Property"). Defendants and anyone acting in concert with them are **temporarily restrained** from taking any act that would prevent or delay the closing.

2. **Temporary Lien Accommodation; Title.** Solely to effectuate the closing and **without prejudice** to any party's merits position, Defendants shall,

10

within 24 hours of service of this Order, either (a) deliver to the title company a recordable **Release/Satisfaction of Mortgage** sufficient for closing, **or** (b) deliver a payoff letter expressly providing that **any sum otherwise payable on account of Defendants' claimed lien shall be deposited pursuant to ¶3** below and **shall not** be disbursed to Americo Mongiello, Christopher Mongiello, or the Defendants absent further order of this Court.

3. **Deposit of Proceeds — Rule 67 / Local Civ. R. 67.1. All net sale proceeds that would otherwise be payable on account of the disputed lien** shall be **deposited** (at Plaintiff's election) **into the registry of this Court under Fed. R. Civ. P. 67 and 28 U.S.C. §§ 2041–2042,** or **into a blocked, interest-bearing escrow** subject to this Court's control. If deposited in the registry, the Clerk shall invest the funds consistent with **Local Civil Rule 67.1, CRIS Disputed Ownership Fund (DOF): Specifically for interpleader funds, which are treated as separate taxable entities by the IRS.**

4. Said **$447,171.34** shall **not be released** except upon further order.

5. **No Prejudice; Status Quo.** This Order preserves the status quo and **does not adjudicate** the validity or priority of any lien, note, or assignment, which issues remain for later determination.

6. **Security.** Given Plaintiff's showing of irreparable harm and the purely custodial nature of this relief, the Court **waives security** or sets a **nominal bond of $100** under Fed. R. Civ. P. 65(c).

11

**MEMO ENDORSED**

7. **Expedited Schedule.** Defendants shall show cause **on _____, 2025 at : \_.m.** (Courtroom 521) why a **preliminary injunction** should not issue continuing this relief pending final judgment. Opposition due _____, **2025**; reply due _____**, 2025**. Plaintiff shall promptly serve this Order.

**All for which let execution issue forthwith.**

**IT IS SO ORDERED.**

**Dated: _____**

_____
DISTRICT COURT JUDGE

**MEMO ENDORSED**

## CERTIFICATE OF SERVICE

A copy of this Motion was emailed on October 9, 2025, to counsel for Defendants:

Leisl Bauman Kerechek, Esq. –

RESPECTFULLY SUBMITTED.
Dated October 9th, 2025

/s/_____
CHRISTOPHER M. MONGIELLO
889 JAMES STREET
PELHAM MANOR, NY 10803
TEL: 914 646-8224
EMAIL:

---

Plaintiff has requested that this Court set a motion schedule on an emergency motion requesting a TRO and PI. "The standards for granting a temporary restraining order and a preliminary injunction pursuant to Rule 65 . . . are identical." *Nat'l Coal. on Black Civic Participation v. Wohl*, 498 F. Supp. 3d 457, 469 (S.D.N.Y. 2020) (quotation marks and citation omitted). A party seeking either form of emergency relief "must demonstrate: (1) a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor; (2) a likelihood of irreparable injury in the absence of an injunction; (3) that the balance of hardships tips in the plaintiff's favor; and (4) that the public interest would not be disserved by the issuance of an injunction." *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (alteration adopted and quotation marks omitted).

As to (1), Plaintiff asserts that he is likely to succeed on an RPAPL § 1501(4) claim. (See Pl.'s Emergency Mot. 5 (Dkt. No. 75).) However, this Court has already dismissed his RPAPL § 1501 claim with prejudice. *Mongiello v. HSBC Bank USA NA as Tr. for LMT 2006-6 Tr. Fund*, No. 24-CV-2291, 2025 WL 674345, at *9 (S.D.N.Y. Mar. 3, 2025). "As . . . [this] claim[] ha[s] been dismissed in [its] entirety with prejudice, [P]laintiff clearly cannot establish a likelihood of success . . . ." *FC Online Mktg., Inc. v. Burke's Martial Arts, LLC*, No. 14-CV-3685 SJF SIL, 2015 WL 4162757, at *33 n.12 (E.D.N.Y. July 8, 2015). Plaintiff does not justify his request by reference to any other asserted cause of action. (*See generally* Pl.'s Emergency Mot.)

In light of these facts, Plaintiff cannot demonstrate that he is entitled to emergency relief based on the now-dismissed RPAPL § 1501 claim. *See Pharaohs GC, Inc. v. United States Small Bus. Admin.*, 990 F.3d 217, 231–32 (2d Cir. 2021) (affirming denial of PI based on likelihood of success, where court did not reach other factors). Accordingly, Plaintiff's request that the Court order briefing on his emergency relief, as well as his request for a TRO, are denied. SO ORDERED.

October 17, 2025

13