Case 7:24-cv-02291-KMK-AEK Document 99 Filed 08/05/26 Page 1 of 3

**StradleyRonon**

LibertyView
457 Haddonfield Road
Suite 100
Cherry Hill, NJ 08002
T: 856.321.2400

*A Pennsylvania Limited Liability Partnership*

**Sherri J. Smith**
ssmith@stradley.com
856.321.2413

August 5, 2026

**Via ECF**
Hon. Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

**Re: Mongiello v. HSBC Bank USA, N.A., et al.,**
**Civil Action No. 7:24-cv-02291-KMK-AEK**

Dear Judge Karas:

Defendants, HSBC Bank USA NA as Trustee for the LMT 2006-6 Trust Fund, aka HSBC Bank USA NA as Trustee for the Lehman Mortgage Trust Mortgage Pass-through Certificates, Series 2006-6, PHH Mortgage Corporation, incorrectly sued herein as PHH Mortgage and PHH Corporation ("Defendants") respectfully oppose Plaintiff's letter-motion seeking leave under Federal Rule of Civil Procedure 6(b)(1)(B) to file an opposition to Defendants' motion to dismiss (ECF No. 97) (the "Motion") *nunc pro tunc* because it does not comply with the Court's Individual Rules requirements for extension requests and because Plaintiff failed to establish established excusable neglect.

By way of background, the Court's May 11, 2026 Order (ECF No. 94) set July 13, 2026 as the deadline for Plaintiff to file an opposition to Defendants' Motion and July 27, 2026 as the deadline for Defendants to file a reply brief, if any. Plaintiff delayed in seeking any extension to the response deadline until July 27, 2026, fourteen (14) days after that deadline had already expired.

Plaintiff's request should be denied, first, because it does not comply with Judge Karas's Individual Rules of Practice (the "Individual Rules") regarding requests for extensions of time. Indeed, these Individual Rules plainly require a party seeking an extension to make that request at least five (5) business days before the affected deadline, absent an emergency. Here, Plaintiff failed to comply with this requirement. Plaintiff, in fact, did not seek this extension until fourteen (14) days after the deadline had passed, and his request does not identify what (if any) emergency caused him to violate this rule. Plaintiff's failure to do so is, in itself, grounds to deny the request.

Case 7:24-cv-02291-KMK-AEK Document 99 Filed 08/05/26 Page 2 of 3



In addition, the Individual Rules require that Plaintiff state in his request whether Defendants consent to this request and state any reasons for refusing to consent. Plaintiff failed to do so here. He did not seek or obtain Defendants' position on the extension before filing the request, and his request was devoid of any detail regarding Defendants' position or why he failed to communicate with Defendants prior to filing. Instead, Plaintiff states only that he was "unable to obtain Defendants' position before filing" because the "application became necessary immediately after Plaintiff regained access to his file and the reply deadline is imminent.". (ECF No. 97). Again, Plaintiff's failure to provide this necessary information requires denial of his request.

Furthermore, Plaintiff failed to demonstrate excusable neglect, as required by Rule 6(b)(1)(B) when an extension request is made after the original deadline has passed. While Plaintiff suggests it is due to his incarceration, his request is conspicuously devoid of detail regarding it and why it led to him failing to file a timely response. For example, Plaintiff's declaration does not provide the dates of his alleged incarceration, the date of his release, or any other facts showing why he could not seek an extension before the July 13 deadline. (*Id.*). Plaintiff's declaration offers only generalized assertions and obviously self-serving statements of restricted access with an allegation that Plaintiff was released "only recently, in July 2026." (*Id.*). Plaintiff further claims that access to his file was hindered due to his incarceration but fails to advise what actions he took to comply with the Court's order between June 12, 2026 and the date the letter motion was filed.

The excusable-neglect inquiry considers "the danger of prejudice to the [nonmovant]," "the length of the delay and its potential impact on judicial proceedings," "the reason for the delay, including whether it was within the reasonable control of the movant," and good faith.. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Although the absence of prejudice, a short delay, and no indication of bad faith may favor an extension; the Second Circuit gives dispositive weight to the reason for delay. *Alexander v. Saul*, 5 F.4th 139, 151–52 (2d Cir. 2021) (affirming denial where the first, second, and fourth factors favored the movant, but the reason for delay was within her reasonable control); *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366–67 (2d Cir. 2003) (explaining that the equities "rarely if ever" favor a party that fails to follow the clear dictates of a court rule and that such a party ordinarily loses under *Pioneer*).

Here, the first, second, and fourth factors do not overcome the third. Defendants acknowledge that Plaintiff's ten-day delay is limited and do not contend that the record establishes bad faith. But Plaintiff has not provided dates for his claimed custody, his release, or any facts establishing that he could not request an extension before the July 13 deadline. His generalized assertion of restricted access does not explain why he did not comply with the Court's requirement to seek an extension at least five business days in advance, or why he could not contact Defendants to obtain their position. *See Alexander*, 5 F.4th at 151–53 (affirming denial where the proffered circumstances did not establish that they caused the missed deadline and the movant failed to show that the delay was beyond her reasonable control). This is especially so because Plaintiff was previously instructed to follow the Court's Individual Rules and warned that future noncompliance would likely result in denial of further applications. (ECF No. 39).

Case 7:24-cv-02291-KMK-AEK Document 99 Filed 08/05/26 Page 3 of 3



Moreover, Plaintiff's proposed merits arguments do not remedy these procedural deficiencies or establish the supported showing required under Rule 6(b)(1)(B). Accordingly, Plaintiff has not carried his burden to establish excusable neglect under Rule 6(b)(1)(B).

For these reasons, Defendants respectfully request that the Court deny Plaintiff's request and decline to accept the untimely opposition. Defendants are prepared to file a reply should the Court grant Plaintiff leave.

Respectfully submitted,

*/s/ Sherri J. Smith*
Sherri J. Smith

cc: Christopher Mongiello (via First-Class Mail and via email to therockacademy@mac.com)

The Court agrees that Plaintiff has failed to sufficiently explain the reason for the untimely filing of the Opposition to the Motion to Dismiss. However, given Plaintiff's pro se status and the fact that the filing was tardy only by a matter of days, and not weeks or months, the Court will accept the filing. Defendants may file their reply papers by 8/27/26.

The Clerk is respectfully directed to mail this document to Plaintiff.

So Ordered.

8/5/26